OPINION
{¶ 1} Appellant appeals
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On June 18, 2004, the Licking County Grand Jury indicted appellant, Larry Rine, on nine counts of Rape, in violation of R.C. 2907.02, and nine counts of Sexual battery, in violation of R.C. 2907.03.
 {¶ 4} These charges relate to Appellant's sexual abuse of his daughter, born August 15, 1990. Such abuse began when she was thirteen years old, shortly after her mother died. Such abuse included digital penetration and fellatio. Appellant threatened to kill her if she told anyone about the abuse. Appellant also physically abused his daughter to the point where she suffered broken bones.
 {¶ 5} On July 30, 2004, appellant filed a motion to suppress.
 {¶ 6} A hearing was held on September 14, 2004. By judgment entry filed September 15, 2004, the trial court denied said motion.
 {¶ 7} On November 22, 2004, a Rape Shield hearing was held.
 {¶ 8} On January 26, 2005, the matter proceeded to jury trial. Prior to the seating of the jury, Appellant entered into a negotiated plea agreement wherein he agreed to plead guilty to Counts, One, Two, Three and Four. The remaining fourteen counts were dismissed on the prosecution's motion.
 {¶ 9} On March 1, 2005, the trial court sentenced Appellant to four years imprisonment on each on the four counts, to be served consecutively to each other. The trial court further found Appellant to be a Habitual Sexual Offender.
 {¶ 10} Appellant filed an appeal of his sentence and this matter is now before this court for consideration. Appellant's sole Assignment of error is as follows:
 ASSIGNMENT OF ERROR {¶ 11} "I. THE TRIAL COURT COMMITTED HARMFUL ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO CONSECUTIVE SENTENCES HEREIN."
 I. {¶ 12} In his sole assignment of error, Appellant claims the trial court erred in sentencing him to consecutive sentences. Specifically, appellant claims the trial court failed to give specific reasons for its findings. We disagree.
 {¶ 13} R.C. § 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 14} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 15} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 16} "(b) That the sentence is otherwise contrary to law."
 {¶ 17} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 18} By judgment entry filed March 2, 2005, the trial court sentenced appellant to an aggregate term of sixteen years: four years each on the four Rape Counts, to be served consecutively.
 {¶ 19} Appellant argues the trial court erred in ordering the sentences to be served consecutively.
 {¶ 20} R.C. § 2929.14(E)(4) governs multiple sentences and states as follows:
 {¶ 21} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 22} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 23} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 24} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 25} R.C. § 2929.19(B)(2)(c) states the following:
 {¶ 26} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 27} "(c) If it imposes consecutive sentences under section 2929.14
of the Revised Code, its reasons for imposing the consecutive sentences."
 {¶ 28} Appellant argues the trial court's findings do not conform to the dictates of State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus, wherein the Supreme Court of Ohio held:
 {¶ 29} "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing."
 {¶ 30} In sentencing appellant to consecutive sentences, the trial court stated the following:
 {¶ 31} "The Court would further order that the sentences shall run consecutive, the Court finding that consecutive sentences are necessary in order to protect the public, necessary to adequately to punish the defendant, and the sentence is not disproportionate to the conduct of the defendant. The Court further find that the harm is so great and unusual that a single term would not adequately reflect the seriousness of the conduct of the offender. The Court specifically finding that there are obviously four counts in this case. It is a minor child involved. There's psychological harm caused as well as obvious physical abuse. Therefore, the Court has determined that consecutive sentences are necessary." (T. at 11).
 {¶ 32} Additionally, the trial court had before it the pre-sentence investigation report and letters from Appellant's victims. The trial court also had before the fact that Appellant's daughter had attempted to take her own life. (T. at 9). Additionally, the trial court noted that Appellant had a prior conviction. (T. at 12).
 {¶ 33} Upon review of the sentencing transcript in toto, we find the trial court's findings and reasons were sufficient under R.C. § 2929.14(E)(4) and R.C. § 2929.19(B)(2)(c) to justify the consecutive nature of the sentences.
 {¶ 34} Appellant's sole Assignment of Error is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.
Boggins, P.J., Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to Appellant.